■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM FERNANDEZ, Appellant. [597 NYS2d 778] —Casey, J. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered March 27, 1992, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the fifth degree.

Defendant was convicted after a jury trial of the second count of a two-count indictment that charged him with criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree. The second count of the indictment places defendant's criminal possession "in front of 3 North Third Street, in the City of Hudson, County of Columbia". The testimony reveals that defendant's arrest took place there. However, the initial arrest, which was made by two police officers on patrol, was for drinking beer from a bottle in violation of that City's open

container law. The officers had observed defendant raise what appeared to be a beer bottle to his mouth outside the described premises at 1:30 A.M. Defendant was taken into custody with his hands handcuffed in front of him and placed in the rear of the police vehicle. According to the officers, defendant moved in a suspicious manner while traveling in the police vehicle and was instructed to put his hands on the screen which separates the front from the back seat. Upon arrival at the police station, defendant was told that the police vehicle is searched before and after a prisoner was transported, and defendant was asked if he had dropped anything on the floor or seat of the vehicle. In reply, defendant answered, "Drugs."

In the police station, one of the officers stated that he had found nine vials that appeared to contain drugs on the back seat of the police vehicle. This officer advised the other officer to conduct a strip search of defendant to locate other contraband. Defendant heard this, and the latter officer repeated to defendant that he would be strip searched. Defendant then stated, "First take these," and removed five vials of what appeared to be crack cocaine from his left sock. Collectively, the 14 vials were found to have contained cocaine the weight of which exceeded 500 milligrams. The strip search revealed nothing. Defendant was given the *Miranda* warnings and consented to answer questions.

After the conclusion of the suppression hearing, County Court determined that defendant's arrest for an open container violation was not a pretext. Defendant's initial statement about "drugs", made in response to the officer's pre-*Miranda* warning inquiry, was suppressed. Defendant's statement immediately before the strip search was held admissible as a spontaneous declaration. County Court also denied suppression of defendant's statements made after he had received and waived his *Miranda* rights. At trial, defendant denied that the open container of beer was his and denied possession of any vials or drugs or dropping any in the police vehicle. On the second count of the indictment, County Court charged that defendant must be found to have unlawfully possessed cocaine that weighed more than 500 milligrams and that such possession occurred in Columbia County.

Defendant argues on this appeal that the People were required to show that the illegal possession occurred at 3 North Third Street, the specific location alleged in the indictment. We disagree. In the sequence of events previously outlined, defendant could have been found to have possessed

the 14 vials in front of 3 North Third Street or in the police car, as it traveled from 3 North Third Street to the police station. Any of those places was within Columbia County. Viewed in a light most favorable to the People, the evidence was legally sufficient (see, People v Contes, 60 NY2d 620). Furthermore, we find no violation of defendant's constitutional rights from the manner in which the drugs were obtained by the officers. Defendant's initial arrest was justified, as found by County Court, and defendant had no expectancy of privacy as to what was found in the police car. Defendant's statement taken after he waived his Miranda rights was properly admitted. The judgment of conviction should in all respects be affirmed.

Weiss, P. J., Levine, Mercure and Mahoney, JJ., concur. Ordered that the judgment is affirmed.